```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SHABIR BYAYANI, ASHIFA BHAYANI,

                Plaintiffs,

vs.                         Case No. 2:09-cv-672-FtM-29DNF

TREECO, INC., a Florida corporation,
TWI 75, LC, a Florida limited
liability company, RUSSELL
WEINTRAUB, individually,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Complaint, Or in the Alternative, For a More Definite Statement (Doc. #7) filed on December 8, 2009. Plaintiffs filed a Response (Doc. #14) on December 21, 2009.

Shabir Bhayani and Ashifa Bhayani (the Bhayanis or plaintiffs) filed a five-count Complaint against Treeco, Inc (Treeco), TWI 75 LC (TWI) and Russell Weintraub. (Doc. #1) Plaintiffs assert that this court has subject-matter jurisdiction based upon diversity of jurisdiction pursuant to 28 U.S.C. § 1332(a). Because the allegations in the Complaint fail to adequately allege complete diversity of citizenship, the Court will *sua sponte* dismiss the Complaint and grant leave to amend pursuant to 28 U.S.C. § 1653.

Plaintiff premises federal jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (Doc. #1, ¶ 1.) This requires complete diversity of citizenship, and that the matter in

controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotations and citations omitted). The Complaint fails to allege either United States citizenship or domicile for the individual defendant, Russell Weintraub; rather it only alleges that he is a resident of Lee County, Florida. (Doc. #1, ¶ 7.)

A limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). The Complaint alleges that defendant TWI, a limited liability company, is located in Lee County, Florida. (Id. at ¶ 7.) The Complaint asserts that the managing members are Russell Weintraub and Stephen Tieche.

(<u>Id.</u> at ¶ 6 [sic].)  The Complaint fails to allege the citizenship of Stephen Tieche.  The Complaint also fails to allege whether there are any other members of the limited liability company and their citizenship.  (Doc. #1, ¶¶ 7-7 [sic]; <u>see also</u>, Doc. #13.)

Plaintiff will be granted leave to file an amended complaint to correct this deficient pleading, and may also address in the amended complaint the other matters raised in defendant's motion as plaintiff deems appropriate.[1]

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Court **DISMISSES** the Complaint **WITHOUT PREJUDICE** for failure to sufficiently allege subject-matter jurisdiction.

2. Defendants' Motion to Dismiss Complaint, Or in the Alternative, For a More Definite Statement (Doc. #7) is **DENIED** as moot.

---

[1] The Court notes that Counts II-V in the complaint contain the following statement: "Plaintiff realleges and incorporates by reference, paragraphs 1- [], as though fully set forth herein." (Doc. #1, ¶¶ 44, 63, 82, 86.)  "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions."  <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002); <u>see also</u> <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001); <u>Cramer v. Florida</u>, 117 F.3d 1258, 1263 (11th Cir. 1997).  Thus, Counts II-V suffer from this pleading deficiency.

3. Plaintiff may file an Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order. If no Amended Complaint is filed, the case will be closed without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of May, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record