```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SHABIR BHAYANI and ASHIFA BHAYANI,

                Plaintiffs,

vs.                             Case No. 2:09-cv-672-FtM-29DNF

TREECO, INC., a Florida Corporation,
TWI 75, LC, a Florida limited
liability company, and RUSSELL
WEINTRAUB,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Amended Complaint, or in the alternative, for a More Definite Statement (Doc. #23) filed on June 15, 2010. Plaintiffs Shabir Bhayani and Ashifa Bhayani filed a Response (Doc. #24) on August 8, 2010.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co.

v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274.

However, Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)(quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)). Rule 9(b) does not abrogate the concept of notice pleading, but requires a complaint to set forth: (1) precisely what statements or omissions were made in what documents or oral representations or what omissions were made; (2) the time and place of each such

statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001); Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005).

## II.

On May 25, 2010, plaintiffs Shabir Bhayani and Ashifa Bhayani (the Bhayanis or plaintiffs) filed a five-count Amended Complaint (Doc. #22), in which they allege fraud (Count I), fraudulent misrepresentation (Count II), and negligent misrepresentation (Count III) against all Defendants. Plaintiffs also allege a breach of fiduciary duty claim against Defendant Weintraub (Count IV), and breach of contract claim against Defendant Treeco, Inc. (Count V).

Plaintiffs allege that, prior to any business transactions subject to their complaint, they and Defendant Weintraub were long time professional colleagues and friends. Defendant Weintraub would occasionally discuss a palm grove which he and Stephen Tieche (Tieche) owned in Florida, which he represented as a profitable investment. (Id. at ¶¶ 11-12.)

Following Weintraub's move to Southwest Florida in 1997, Weintraub continued to stay in touch with plaintiffs about both personal and professional matters, keeping plaintiffs routinely informed about his involvement in the agricultural business in Southwest Florida, particularly palm groves. Weintraub had superior knowledge of this industry, and in early 1998 invited plaintiffs to be investors in a palm field in Lee County. Plaintiffs allege that Weintraub had informed and advised them about other transactions with which he was involved, and had held himself out as a person with experience and expertise in purchasing property and preparing, planting, and operating palm fields for profit. Plaintiffs allege that they relied on Weintraub's representations because of his superior knowledge and experience in the palm grove business. (Id. ¶¶ 13-14.)

On or about April 22, 1998, Weintraub provided plaintiffs, and plaintiffs entered into, a Lease/Option Agreement and Palm Grove Planting and Maintenance Agreement (the 1998 Agreement) with Defendant Treeco, Inc. (Treeco). Treeco is a Florida corporation domiciled in Lee County; Weintraub is a shareholder and the registered agent, and Weintraub and Tieche are the sole officers. The 1998 Agreement provided for plaintiffs to lease from Treeco 100 acres of a larger 260-acre property for payment of a specified annual rent. The 1998 Agreement required the Bhayanis to pay Treeco for the cost of planting and maintaining a palm grove on the

leased premises. Section Ten of the 1998 Agreement provided the plaintiffs a ten-year option to purchase the leased premises. (Id. at ¶¶ 15-18.)

In or about the summer of 2000, Weintraub informed plaintiffs that an owner of a parcel of adjoining property was interested in selling its interest in the palm grove. On or about September 1, 2000, plaintiffs and Treeco entered into a separate Lease/Option Agreement and Palm Grove Planting and Maintenance Agreement (the 2000 Arrangement), by which plaintiffs leased an additional fifteen acres adjacent to the 100 acres leased under the 1998 Agreement. Section Ten of the 2000 agreement gave plaintiffs an eight-year purchase option to purchase the fifteen acres leased under that agreement. (Id. at ¶¶ 19-21.)

In the fall of 2004, Weintraub informed plaintiffs of his desire to sell the parcels of land that plaintiffs had leased (the Property). In July of 2005, while plaintiffs were visiting the Property, Weintraub informed plaintiffs that he had been pursuing potential sales of the Property. Plaintiffs allege that Weintraub did not indicate any specific buyer, timetable, or price for any potential sale. (Id. at ¶¶ 22-25.)

On or about August 15, 2005, Defendant TWI 75, L.C. (TWI) entered into a contract to sell 115 acres of property, including nearly all of the Property which Plaintiffs had leased, to the Lee County School Board (the School Board) for $111,665.79 per acre.

Plaintiffs allege that this sale was not disclosed to them. During early December 2005, plaintiffs received a "tree sales invoice" stating that "the land sale is scheduled for this month." (Id. at ¶¶ 26-27.)

On or about December 13, 2005, plaintiffs allege that Weintraub spoke to Shabir Bhayani and indicated that Treeco intended to sell the entire 260 acre grove, including the Property, and had located a buyer interested in purchasing the property for between $30,000 and $40,000 an acre. Plaintiffs allege that Weintraub represented to them in the course of these communications that: the prospective buyer was only interested in purchasing the whole grove; that the deal could not be completed unless the Property was included; that Weintraub desired to buy out plaintiffs' option to purchase so that Treeco could sell the Property; and that this was the only way plaintiffs could receive any profit from their investment in the Property. Plaintiffs allege that Weintraub did not identify the buyer of the Property, and failed to disclose that a contract for the sale of the Property had been signed four months prior and that the closing had been scheduled for the following day. (Id. at ¶¶ 28-32.)

On or about December 14, 2005, TWI and the School Board closed on the sale of the entire grove, including the Property; the School Board paid $12,770,770.00 for approximately 115 acres of land. Plaintiffs allege that this closing was not disclosed to them. On

or about December 15, 2005, plaintiffs wrote to Weintraub requesting further details of what Weintraub had represented to them was a proposed land sale.  Plaintiffs allege that Weintraub, who had received in excess of $110,000 per acre for the sale of the Property at the previous day's closing, represented in writing to plaintiffs that the sale price of the property was $45,000 per acre.  Based on the representations of Weintraub, which plaintiffs allege were made individually and on behalf of Treeco, plaintiffs entered into an agreement with Treeco on December 19, 2005 to sell their option to purchase the Property for $3,000,000, including a $300,000 advance on future tree sales.  On or about December 28, 2005, plaintiffs received a bank check for $3,000,000 drawn on the account of TWI.  (Id. at ¶¶ 33-36.)

### III.

Defendants filed a motion to dismiss, arguing that plaintiffs have failed to adequately pled their claims for fraud or breach of contract.  Specifically, defendants argue that the fraud claims are not plead with particularity, that plaintiffs have no damages, and that defendants had no duty to plaintiffs.  Plaintiffs argue to the contrary.

**A.  Count I: Fraud**

In Count I, Plaintiffs allege that between December 15 and December 19, 2005, Weintraub, on behalf of TWI and Treeco, both orally and in writing, knowingly misrepresented the price and value

of the property, and failed to disclose that a contract had been entered for the sale of the Property at a significantly higher price. Plaintiffs allege that they relied upon these statements, and as a result sold their option to purchase and "received substantially less than they would have had Weintraub not made said false statements." (Doc. #22, p. 6-7.)

"The essential elements of fraud are: (a) a false representation of fact, known by the party making it to be false at the time it was made; (b) that the representation was made for the purpose of inducing another to act in reliance on it; (c) actual reliance on the representation; and (d) resulting damage to the plaintiff." Kent v. Sullivan, 793 So. 2d 1027, 1028 (Fla. 5th DCA 2001)(quoting Essex Ins. Co., Inc. v. Universal Entm't & Skating Ctr., Inc., 665 So. 2d 360 (Fla. 5th DCA 1995)). The recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him. Besett v. Basnett, 389 So. 2d 995, 998 (Fla. 1980).

Plaintiffs have sufficiently pled the "what, how, and when" of the alleged fraud. (Doc. #22, ¶¶ 24-34, 38-39). The Court concludes that the allegations in Count I, when read in conjunction with the preliminary paragraphs of the Complaint, sufficiently set forth a plausible claim of fraud. Reliance and damages are also plausible under the facts set forth in the Amended Complaint.

Therefore, the motion to dismiss or for a more definite statement as to Count I will be denied.

**B.   Count II: Fraudulent Misrepresentation**

"[T]here are four elements of fraudulent misrepresentation: '(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.'"  Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010)(quoting Johnson v. Davis, 480 So. 2d 625, 627 (Fla. 1985)). "Justifiable reliance is not a necessary element of fraudulent misrepresentation."  Id.

Taking plaintiffs' factual allegations as true, Weintraub, on behalf of TWI and Treeco, made intentional, material misrepresentations concerning the sale and sale price of the property, and failed to disclose the negotiations, contract, and closing of the sale, with the intent that plaintiffs would sign over their lease option, and that plaintiffs did so and were damaged.   Plaintiffs have sufficiently alleged fraudulent misrepresentation, and the motion to dismiss Count II or require a more definite statement will be denied.

**C.   Count III: Negligent Misrepresentation**

The plaintiffs allege that there were fraudulent representations and non-disclosures by Weintraub on behalf of

-9-

Treeco and TWI; that Weintraub knew or should have known that his misrepresentations were false; his intent was that his misrepresentations would influence plaintiffs' decision to sell their option; and plaintiffs' subsequent reliance and damages. Additionally, plaintiffs allege that Weintraub held himself out as an expert in palm grove field dealings such that their reliance was justified on his opinions on whether to sell. (Doc. #22, ¶¶ 66-79.)

"To state a cause of action for negligent misrepresentation, a plaintiff must allege that: (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely . . . on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation." Romo v. Amedex Ins. Co., 930 So. 2d 643, 653 (Fla. 3d DCA 2006). The Court finds that plaintiffs have sufficiently pled a claim for negligent misrepresentation. The motion to dismiss Count III or require a more definite statement will be denied.

**D. Count IV: Breach of Fiduciary Duty**

"Florida courts have recognized a tort cause of action for breach of fiduciary duty." Action Nissan, Inc. v. Hyundai Motor

Am., 617 F. Supp. 2d 1177, 1192 (M.D. Fla. 2008) (citing Doe v. Evans, 814 So. 2d 370, 374 (Fla. 2002)). "The elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." Minotty v. Baudo, 42 So. 3d 824, 835-36 (Fla. 4th DCA 2010)(citing Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002)). A breach of a fiduciary duty is an intentional tort. La Costa Beach Club Resort Condo. Ass'n, Inc. v. Carioti, 37 So. 3d 303, 308 (Fla. 4th DCA 2010). A Florida court recently summarized the contours of a fiduciary relationship as follows:

> If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief. [ ] Fiduciary relationships may be implied in law and such relationships are premised upon the specific factual situation surrounding the transaction and the relationship of the parties. [ ] Courts have found a fiduciary relation implied in law when confidence is reposed by one party and a trust accepted by the other. [ ] To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel and protect the weaker party.

Bingham v. Bingham, 11 So. 3d 374, 387 (Fla. 3d DCA 2009)(internal citations and quotations omitted). A fiduciary relationship may exist wherever one man trusts in and relies upon another. See Jacobs v. Vaillancourt, 634 So. 2d 667, 670 (Fla. 2d DCA 1994)("The relations and duties involved need not be legal, but may be moral, social, domestic, and merely personal."); Atlantic Nat'l Bank v.

-11-

<u>Vest</u>, 480 So. 2d 1328, 1332 (Fla. 2d DCA 1985)("The informal type of fiduciary relationship may exist under a variety of circumstances, and does exist in cases where there has been a special confidence reposed in one, who in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence.").

In this case, plaintiffs have alleged an "independent special relationship between the parties that caused Plaintiff[s] to entrust Defendant[s] with this money; . . ." <u>Action Nissan</u>, 617 F. Supp. 2d at 1193. Specifically, plaintiffs have alleged that they placed their trust in Weintraub due to his years of friendship as well as his experience in the palm grove business. Further, plaintiffs allege that Weintraub accepted that trust and that he subsequently acted contrary to that trust and that Plaintiffs were damaged as a result. Therefore, the Court finds that plaintiffs have alleged fiduciary duties independent of the contractual obligations of the parties, and the motion to dismiss Count IV or for a more definite statement will be denied.

**E. Count V: Breach of Contract**

In Count V of their Amended Complaint, Plaintiffs allege that Treeco failed to comply with the terms of the 1998 and 2000 Agreements by: failing and refusing to provide an accounting of the inventory of the trees; failing to properly care for the grove; and failing and refusing to make a good faith effort to sell the

trees. (Doc. #22, p. 11.) "The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." Progressive Am. Ins. Co. v. Gregory, Inc., 16 So. 3d 979, 981 (Fla 3d DCA 2009)(quoting Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006)).  Plaintiffs fail to allege that any damages resulted from any breach of either contract by Treeco. Therefore, Count V will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #23) is **DENIED** with respect to Counts I, II, III, and IV, and **GRANTED** with respect to Count V, which is dismissed without prejudice.

2. The alternative Motion for a More Definite Statement (Doc. #23) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   25th   day of January, 2011.

>                                        _____
>                                              JOHN E. STEELE
>                                        United States District Judge

Copies:
Counsel of record